Opinion filed November 3,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00029-CR

                                                    __________

 

                              TIMOTHY
JOHN MORRIS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. 13929O

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Timothy John Morris of the offense of engaging in organized
criminal activity by conspiring to deliver more than 400 grams of methamphetamine. 
The trial court assessed punishment at confinement for fifty years and a fine
of $20,000.  We affirm.  

            Appellant
has briefed three points of error.  In the first point, appellant complains of
prosecutorial misconduct and the violation of appellant’s right to due
process.  In the second point, appellant complains of judicial misconduct
violating appellant’s rights under the Fifth Amendment.  In his final point,
appellant contends that the trial court abused its discretion in dealing with a
possible violation of “the Rule.”  See Tex.
Code Crim. Proc. Ann. arts. 36.03, .05, .06 (West 2007); Tex. R. Evid. 614.

            In
his first point, appellant complains that the prosecutor improperly misled the
jury when he asked Agent Darla Dowell the following questions:  “You didn’t buy
from Tim Morris because he was already gone, right?” and “It was impossible,
wasn’t it?”  Appellant also complains of inconsistencies in Daria Price’s
testimony and in pictures of Price that were introduced into evidence.  Appellant
did not object to any of these items at trial.  Therefore, he has not preserved
his complaint for appellate review.  Tex.
R. App. P. 33.1.  Appellant’s first point of error is overruled. 

            In his
second point, appellant contends that his Fifth Amendment rights were violated
by the trial court’s threat to give him a more severe sentence if he did not
“come clean” and admit his guilt.  The record from the punishment hearing does
not support appellant’s contention.  The Fifth Amendment prohibits increased
sentences due to an accused’s refusal to testify.  It also prohibits an accused
from being compelled to testify against his will at the sentencing hearing.  Estelle
v. Smith, 451 U.S. 454, 463 (1981).

The
record in this case shows that, at the end of the punishment phase of trial and
after the trial court had sentenced appellant, the trial court explained its
reasons for assessing a fifty-year sentence and encouraged appellant to live
the remainder of his life productively.  In relevant part, the trial court’s comments
read as follows: 

            Mr.
Morris, it gives me no great pleasure to send people to prison under these
circumstances.  And in assessing punishment, I considered several matters . .
. .  

 

            Another
factor that I consider is -- call me old fashioned, but to receive
consideration, you need to accept responsibility; and you still haven’t quite
done it. . . .

 

            And I
don’t know if you were given an opportunity to do that or not, but you chose to
testify in this punishment phase of the trial, and you still don’t admit the
true depth and breadth of your responsibility as presented by the evidence in
this case.

            

These statements
did not threaten a lengthier sentence.  When the trial court made these
statements to appellant, appellant had already voluntarily waived his Fifth
Amendment right not to testify and had testified at the punishment phase of
trial.  Also, his punishment had already been assessed at the time of the
comments.  Appellant was not compelled to be a witness against himself, and his
Fifth Amendment rights were not violated. The second point of error is
overruled.  

            In
his final point, appellant contends that the trial court abused its discretion
in failing to talk to Price’s mother and attorney regarding the possible
violation of “the Rule” by Price.  The record shows that, when Price was called
to testify, appellant approached the bench to discuss the possible violation
and asked the trial court to determine “if her family has shared any notes [of
the testimony] with her.”  Appellant thought that one of the women with Price
had been taking notes.  The record shows that the trial court inquired of Price
whether she had heard the instructions about not discussing testimony or
comparing notes with anybody.  Price indicated that she heard the trial court’s
admonishment.  The trial court then inquired about Price’s mother taking
notes.  Price stated that her lawyer, not her mother, was taking notes and that
they had not relayed any conversation or testimony from the courtroom.  Price
stated that she had not violated “the Rule.”  The trial court did not ask
Price’s mother or Price’s attorney whether they had relayed any information to
Price, and appellant did not request that the trial court discuss the matter
with either of them.  

            We
cannot hold that the trial court abused its discretion in failing to question
Price’s mother or attorney.  The trial court addressed the matter directly with
Price, and she informed the trial court that she had not violated the trial
court’s instructions under “the Rule.”  The trial court was not required to
inquire further, and appellant has not shown what either Price’s mother or
attorney would have stated had they been questioned.  The record does not
indicate that “the Rule” was violated.  Appellant’s third point of error is
overruled.  

            The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

November 3, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.